**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | Case No. 12 C 6206 |
| v. | ) | |
| | ) | Hon. George W. Lindberg |
| JOSE ORTIZ, | ) | |
| | ) | |
| Petitioner. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is petitioner Jose Ortiz's ("Ortiz") motion, and amendment to that motion, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in the underlying criminal proceeding, *United States v. Ortiz*, 07 CR 658 ("§ 2255 petition"). Ortiz requested an evidentiary hearing on his § 2255 petition, but the Court finds that a hearing is not necessary. *See Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007)("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief the judge must dismiss the motion."). Additionally, Ortiz failed to supply the Court with a detailed and specific affidavit that demonstrated actual proof of the allegations in his § 2255 petition. See *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir.) ("It is the rule of the Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations that go beyond mere unsupported allegations."). For the reasons set forth more fully below, the § 2255 petition is denied.

*I. Relevant Facts*

On February 6, 2008, Ortiz and five co-defendants were charged with a drug conspiracy in an eighteen count indictment. On January 20, 2010, Ortiz entered a blind plea of guilty to all ten counts (Counts I, II, VI, VII, VIII, IX, XI, XIII, XVI, XVII) alleged against him in the indictment. Ortiz pled guilty to the following charges: one count of conspiracy to possess with intent to distribute 5 kilograms or more of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count I); four counts of knowingly and intentionally possessing with intent to distribute mixtures containing cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts II, IX, XI, XVII); and five counts of knowingly and intentionally using a telephone in commission of a felony, namely facilitating the ongoing drug conspiracy, in violation of 21 U.S.C. § 843(b) (Counts VI - VIII, XIII, XVI).

All ten counts stem from a drug conspiracy that began in 2000 and continued through approximately October 5, 2007. As part of the conspiracy, Ortiz received multi-kilogram shipments of cocaine from a supplier in Mexico. Ortiz stored the cocaine in a garage in Evanston, and provided the cocaine to some of his co-conspirators, who distributed it directly to customers.

On November 27, 2007, Ortiz provided information to the government pursuant to a proffer letter. Attorney Joseph R. Lopez ("Lopez") first filed his appearance on behalf of Ortiz on December 4, 2008. Mr. Lopez represented Ortiz during a second proffer meeting with the government on November 5, 2009. Mr. Lopez also represented Ortiz during his change of plea hearing, sentencing, and direct criminal appeal.

On January 20, 2010, Ortiz entered a blind plea of guilty to all ten counts charged against him. On September 1, 2010, this Court sentenced Mr. Ortiz to 324 months of imprisonment. On direct appeal, the Seventh Circuit affirmed the sentence and this Court's decisions to apply a supervisory role enhancement and not to give Ortiz credit for acceptance of responsibility.

## II. Legal Analysis

Ortiz filed a *pro se* § 2255 petition seeking to vacate his guilty plea and sentence based on allegations of: (1) ineffective assistance of counsel; (2) a defective indictment; and (3) that Title 21 was never enacted into positive law. Ortiz's appointed counsel filed an amendment to the *pro se* § 2255 petition that included additional allegations of ineffective assistance of counsel.

### A. Claim II - A Defective Indictment

Ortiz claims that the indictment in the underlying criminal case, 07 CR 658, was defective because it did not include a nexus to interstate commerce. As an initial matter, this claim is procedurally defaulted because Ortiz did not raise it in the underlying criminal case, or on direct appeal. *Nwafor v. United States*, No. 95-3864, 1997 WL 2678798, *1 (7th Cir. May 7, 1997); *see also United States v. Ortiz*, No. 10-3110, 2011 WL 3346823, at *1 (7th Cir. Aug. 4, 2011). Ortiz also has not established adequate cause for his failure to raise this issue prior to the instant § 2255 petition, or that he will suffer prejudice because of the procedural default. *See United States v. Frady*, 456 U.S. 152, 166-168 (1982).

3

Even if this Court were to excuse the procedural default and consider this argument on the merits, it would fail. Offenses charged under Title 21, U.S.C. §§ 841, 843, and 846 do not require an interstate commerce nexus as an element of the offense. *See United States v. Cox*, 536 F.3d 723, 727-728 (7th Cir. 2008); *United States v. Campbell*, 534 F.3d 599, 605-606 (7th Cir. 2008).

### B. Claim III - Title 21 is not Positive Law

Next, Ortiz argues that the criminal indictment, conviction, and sentence were invalid because Title 21 of the criminal code was never enacted into positive law. Similar to his defective indictment claim, this claim is procedurally defaulted because it was not raised in prior proceedings before this Court, or on direct appeal, and Ortiz has not demonstrated any cause or prejudice stemming from the procedural default. *Nwafor*, 1997 WL 2678798 at *1. This claim also fails on the merits because Title 21 is a valid statute and was properly enacted into law. *Henriquez v. United States*, No. 03 C 478, 2003 WL 21242722 at *2-3 (S.D.N.Y. May 29, 2003)(finding defendant's argument that the court lacked subject matter jurisdiction because Section 846 was not enacted into positive law without merit); *United States v. Romig*, No. 00 CR 355 JMR/RLE, 2003 WL 22143730 at *1 (D. Minn. Aug. 18, 2003)(finding that Section 841 was properly enacted).

### C. Claim I - Ineffective Assistance of Counsel

Finally, the Court turns to Ortiz's ineffective assistance of counsel claims. Although Ortiz was represented by a number of attorneys in the underlying criminal case, his ineffective assistance of counsel claims are solely directed toward Mr. Lopez.

Mr. Lopez was granted leave to file an appearance on behalf of Mr. Ortiz in the underlying criminal case on December 3, 2008 and filed his appearance the next day. Mr. Lopez represented Ortiz during a November 5, 2009 proffer meeting, the January 20, 2010 change of plea hearing, the September 1, 2010 sentencing hearing, and on direct appeal.

Ortiz claims that Mr. Lopez was ineffective and rendered his guilty plea involuntary because Lopez: (1) pressured Ortiz and made him and his family believe that if Ortiz pled guilty, he would be sentenced to no more than 120 months in the underlying criminal case; (2) failed to pursue a cooperation deal with the government; (3) encouraged Ortiz to pursue a safety valve proffer meeting; and (4) advised Ortiz not to go to trial.

A petitioner challenging the voluntariness of his plea bears the heavy burden of persuading the Court that his plea was not voluntary. *Marx v. U.S.*, 930 F.2d 1246, 1250 (7th Cir. 1991). In order to prevail on an ineffective assistance of counsel claim, a petitioner must establish that his counsel's performance was deficient, and that, but for the deficient performance, the outcome would have been different; i.e. that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy his burden under *Strickland*, Ortiz must demonstrate both that (1) trial counsel's actions were "beyond the realm of reasonable professional judgment within the context of the case, at the time [trial counsel] acted," and (2) trial counsel's "ineffectiveness prejudiced him, rendering the proceedings fundamentally unfair and the result unreliable." *Manson v. Hanks*, 97 F.3d 887, 892-93 (7th Cir. 1996). In short, Ortiz must demonstrate that his trial counsel made "errors so serious that counsel was not functioning as 'counsel'

5

guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Ortiz must demonstrate that his trial counsel's performance was objectively unreasonable and that but for trial counsel's errors, he would not have pled guilty and would have gone to trial. *Hays v. United States*, 397 F.3d 564 (7th Cir. 2005). Ortiz bears a heavy burden because counsel is presumed effective. *Shell v. U.S.*, 448 F.3d 951, 955 (7th Cir. 2006). To make such a showing, petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony is not enough. *Berkey v. U.S.*, 318 F.3d 768, 772-73 (7th Cir. 2003); *McCleese v. U.S.*, 75 F.3d 1174, 1179 (7th Cir. 1996).

Any claim that his guilty plea was involuntary is procedurally defaulted because Ortiz did not challenge the validity of his guilty plea in the underlying criminal case, or on direct appeal. *Galbraith v. United States*, 313 F.3d 1001, 1006-07 (7th Cir. 2002). Additionally, Ortiz has not shown good cause for his failure to raise this claim in prior proceedings, or that he will be prejudiced by the default.

In addition to being procedurally defaulted, these claims also fail on the merits. "Due process requires that a guilty plea, to be valid, be made voluntarily, intelligently, and knowingly." *Galbraith*, 313 F.3d at 1006. "A plea is voluntary when it is not induced by threats or misrepresentation, and the defendant is made aware of the direct consequences of the plea." *Id.* "A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel." *Id.*

Ortiz's claim in his § 2255 petition that Mr. Lopez pressured him into pleading guilty and promised him a sentence of no more than 120 months is contrary to the statement he made under oath at his change of plea hearing. In situations such as this,

where a defendant's statements under oath contradict the assertions in his § 2255 petition, the petition can be denied outright unless the defendant has a compelling reason for the contradiction. *United States v. Peterson*, 414 F.3d 825, 826-27 (7th Cir. 2005). Ortiz has not provided the Court with a compelling explanation for his contraction. Accordingly, the Court finds that his guilty plea was not involuntary or the result of undue influence or inappropriate promises.

Ortiz also argues that Mr. Lopez was ineffective because he failed to pursue a cooperation deal with the government, encouraged Ortiz to pursue a safety valve proffer meeting with the government, and advised Ortiz not to go to trial because his proffer statements would be used against him. In his signed declaration, Mr. Lopez states that Ortiz did not want to cooperate against any uncharged individuals and Ortiz does not dispute this assertion. *See United States v. Wilks*, 46 F.3d 640, 644 (7th Cir. 1995)("a reasonable tactical move which the defendant . . . has condoned cannot be the basis of a Sixth Amendment ineffective assistance claim."). Additionally, as the record in the underlying criminal case confirms, Ortiz and the government did not agree on the facts in the criminal case and Ortiz's role in the charged conduct, rendering a cooperation deal unlikely.

Ortiz's claim related to a safety valve proffer meeting with the government also lacks merit. Ortiz's original proffer meeting with the government took place on November 27, 2007, more than a year before Mr. Lopez filed an appearance in the criminal case. Mr. Lopez cannot be held accountable for decisions made before he represented Ortiz. The second proffer meeting, which took place on November 5, 2009 while Mr. Lopez was representing Ortiz, was an attempt to persuade the government

7

that Ortiz did not supervise anyone in the charged conspiracy. That second proffer meeting was not an attempt to secure a safety valve reduction at sentencing.

Finally, Mr. Lopez's advice to Ortiz that he should not go to trial because his statements during the proffer meetings could be used against him constituted reasonable professional judgment and did not constitute ineffective assistance of counsel.

### *III. Conclusion*

In summary, Ortiz's § 2255 petition and the amendment thereto are denied. Attorney Joseph R. Lopez's representation of Ortiz in the underlying criminal case was not deficient and did not constitute ineffective assistance of counsel. Additionally, the underlying criminal indictment was not defective and Title 21 is a valid statute and was properly enacted into law.

**ORDERED**: Jose Ortiz's motion, and amendment to that motion, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in the underlying criminal proceeding [1], [10] are denied.

**ENTER**: _/s/ George W. Lindberg_
George W. Lindberg
Senior U.S. District Court Judge

**DATED**: December 27, 2012

8